UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL GAPSKI,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.,*

    Defendants.

CAUSE NO. 3:19-CV-314 DRL-MGG

OPINION AND ORDER

Mr. Michael Gapski filed this personal injury action against the United States Postal Service, Mr. Terry Young, and Celina Insurance Group in state court on March 1, 2019. ECF 2. USPS removed the action to this court on April 23, 2019. ECF 1. Celina was the first to respond to the complaint on June 7, 2019, objecting to venue and filing a motion to dismiss. ECF 7 and 8. USPS thereafter substituted the United States of America as the proper defendant in lieu of USPS and Terry Young. *See* 28 U.S.C. § 2679(d)(1). The United States filed a motion to dismiss for lack of jurisdiction and for failure to state a claim. ECF 11.

Mr. Gapski has not contested any motion, so the court may address each motion summarily under N.D. Ind. Rule 7-1(d)(5) as needed. Moreover, the court provided Mr. Gapski an additional ten days to respond to the motions after the deadline to respond had passed, effectively warning him that the case may be dismissed if he failed to respond again. ECF 16. No response was forthcoming.

    A.    Defendant United States of America

The United States has correctly argued that this court lacks subject matter jurisdiction over Mr. Gapski's claim against it. The United States properly removed this case to federal court under 28 U.S.C. §1442(a)(1). When a case is removed from a state court pursuant to 28 U.S.C. § 1442 under the circumstances here, however, the federal court's jurisdiction is only derivative of the state court's

jurisdiction. *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981). Although perhaps not at first intuitive, "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction." *Edwards v. United States Dept. of Justice*, 43 F.3d 312, 315 (7th Cir. 1994) (quoting *Minnesota v. United States*, 305 U.S. 382, 389 (1939)). Therefore, the state court must initially have had jurisdiction over the plaintiff's claims for the federal court to acquire jurisdiction upon removal.

Here, Mr. Gapski's claim against the United States falls under the purview of the Federal Tort Claims Act, which confers exclusive jurisdiction on the federal courts over tort claims against the United States and its agencies and employees. 28 U.S.C.§ 1346(b)(1). Because federal courts had exclusive jurisdiction over Mr. Gapski's claim against the United States, the state court originally lacked jurisdiction to hear the case. Upon removal of Mr. Gapski's claim, this court derivatively obtained only that jurisdiction that the state court enjoyed. Because the state court did not have jurisdiction over Mr. Gapski's claim, this court lacks jurisdiction upon removal. Accordingly, Mr. Gapski's claim against the United States must be dismissed under Fed. R. Civ. P. 12(b)(1).

B.  Defendant Celina Insurance Group

That ruling leaves but one defendant, Celina Insurance Group. Mr. Gapski's claim against Celina at best remains in this court under supplemental jurisdiction. *See* 28 U.S.C. §1367. It is at best because supplemental jurisdiction presupposes that the court had original federal jurisdiction otherwise, but that is not the case. *See id.*

When the United States originally removed this case, the government did so under the federal defendant removal statute. 28 U.S.C. § 1442; ECF 1. Removal albeit proper, this court lacked subject matter jurisdiction because it derivatively obtained no jurisdiction from the state court. *See also Rodas v. Seidlin*, 656 F.3d 610, 624 (7th Cir. 2011) ("subject matter jurisdiction concerns the power of a court to hear a case; the doctrine of derivative jurisdiction is rooted in the idea that there is no case at all").

Without original jurisdiction, the court cannot exercise supplemental jurisdiction over Mr. Gapski's claim against Celina. *See* 28 U.S.C. §1367.

Even if the court had original jurisdiction over Mr. Gapski's claim against the United States, this circuit recommends a remand under the circumstances present here. "[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *see also* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if [the] district court has dismissed all claims over which it has original jurisdiction."); *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001) (district court may relinquish supplemental jurisdiction over state law claims when it disposes of federal claims before trial). Without an independent basis for original jurisdiction, the claim against Celina must be remanded. *See, e.g., Martinez v. Seaton*, 285 F.2d 587, 589-590 (10th Cir. 1961); *Burns v. USMC*, 1985 U.S. Dist. LEXIS 14337 (N.D. Ill. Oct. 30, 1985) (when removal was predicated on 28 U.S.C. § 1442, dismissal of federal defendants required remand of pending state claims).

Celina previously filed a notice trying to assert an independent basis for subject matter jurisdiction—diversity jurisdiction under 28 U.S.C. § 1332 (ECF 14). Celina attached an exhibit showing that Celina is an Ohio corporation with its principal place of business also in Ohio. ECF 14-2. Still, neither Mr. Gapski nor Celina has established Mr. Gapski's citizenship in this entire record after several opportunities (ECF 2, 7, 14), appreciating that residency is not citizenship. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Without complete diversity, the court lacks jurisdiction on this basis. *See Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997) (defendant in removal action bears the burden of demonstrating complete diversity).

The efficiency of considering another opportunity to cure this, even if a cure could be had, is complicated—indeed hindered—by Celina's prior objection to venue in this court in the first place.

ECF 7. Consistent with this circuit's preferences and the efficient administration of justice, and appreciating that jurisdiction does not exist, the court must remand Mr. Gapski's claims against Celina.

Accordingly, the court GRANTS the United States of America's motion to dismiss (ECF 11), REMANDS Mr. Gapski's claims against Celina to state court, and DENIES AS MOOT Celina's motion to dismiss (ECF 8).

SO ORDERED.

September 26, 2019 *s/ Damon R. Leichty*
Judge, United States District Court